CAMDEN COUNTY CIRCUIT COURT.

LEVI B. DIETRICH, ADMINISTRATOR OF THE ESTATE OF MARY A. DIETRICH, DECEASED, PLAINTIFF, v. NATIONAL CAMP, PATRIOTIC ORDER OF AMERICA, A CORPORATION, DEFENDANT.

Decided April 21, 1928.

For the plaintiff, *Joseph C. Haines.*

For the defendant, *Waddington & Mathews (Frank A. Mathews, Jr.).*

DONGES, J.   This case was tried some months ago with a jury and a motion to nonsuit was held to afford counsel opportunity for investigation and more exhaustive argument than was possible at the time of trial.   Briefs and oral argument have been submitted, so that the matter is now ready for disposition by me.

The facts are that Mary A. Dietrich was a member of Camp No. 98, Patriotic Order of America, a subordinate organization of the defendant.   She died on June 10th, 1917. She was enrolled in the "Funeral Benefit Fund" of the defendant.   This fund was maintained to pay funeral benefits

upon the death of members of subordinate camps who were in good standing in the subordinate camp and who were enrolled in the funeral fund, for which certain sums were payable monthly to the defendant. As stated, the decedent, Mary A. Dietrich, died on June 10th, 1917, and there is testimony from which it can be found that she was in good standing at the time of her death. On July 21st, 1917, a check was issued by the defendant, after proof of death in accordance with its laws, in payment of the amount of the benefit payable upon the death of said member, which check was sent to the treasurer of the deceased member's camp. The check was never turned over to plaintiff. Summons in this case issued June 29th, 1923, more than six years after the death of said member, but less than six years after the time of issuing said check ·in payment of the funeral benefit.

Defendant raises three grounds for nonsuit. First, that it does not appear that plaintiff has a right to bring the suit; second, plaintiff has shown no breach of the contract on the part of the defendant, and third, that the action is barred by the statute of limitations.

1. I am of the opinion that this suit may be maintained by the plaintiff. If the contract is one between the national camp and the subordinate camp, it is clearly for the benefit of the member and for those to whom the benefit is payable after the death of a member. *Pamph. L.* 1903, *p.* 541; *Comp. Stat., p.* 4059.

2. The second ground involves a question of whether payment to the treasurer of the local camp is payment of the amount due to the "widow, executors, administrators, assignees or legatees of the deceased." Section 1, article 6 of the laws of the funeral benefit fund (*Exhibit P 2*) provides that "upon the death of a member enrolled in this fund, the secretary of the camp to which the deceased belonged shall forward to the National secretary proofs of said death, on the forms prescribed by the National executive committee. Said forms will be furnished on application.

"Upon receipt of which, the National secretary shall draw an order upon the National treasurer for the amount of the

benefit in favor of the treasurer of the deceased member's camp, who shall pay it to the widow, executors, administrators, assignees or legatees of the deceased, and this money shall not be subject to the debts of the deceased, except by assignment."

The defendant alleges that its duty was performed when the check was sent to the treasurer of the deceased member's camp. I am of the opinion, however, that the defendant designated the treasurer of the subordinate camp as its agent for the transmission of the check, and that payment to such treasurer is not payment to the beneficiary. It appears that the member had no control over the designated officer, nor does it appear that the subordinate camp had any control over the check except that if the subordinate camp advanced any money on account of the claim for necessary expenses, it might be reimbursed upon receipt of the benefit check. In this situation, I think the treasurer of the local camp was the agent of the defendant, and its duty did not cease when it sent the check to such treasurer, whose duty by the law is to pay it to the person entitled to it.

It is also asserted that the plaintiff is not entitled to recover because section 3 of article 6 provides: "In case any claim is rejected by the executive committee, and the camp claiming the same desires to appeal, it shall be settled by arbitration," and so on. This section does not apply, because it does not appear that the claim has been rejected and the camp of which the decedent was a member has made any appeal. The contrary appears, namely, that the claim was allowed and a check drawn to pay it, and upon failure of such payment, the suit was brought. This section therefore appears to me to be not operative in this case.

3. Defendant pleaded the statute of limitations, and asserts that the statute operates from the date of death. I think that section 10 of the statute (*Comp. Stat., p.* 3167) governs this case. This section provides that where there is an acknowledgment or promise in writing signed by the party chargeable thereby within six years, the operation of the statute is suspended. The laws governing this fund, promulgated by the defendant, provide that the National sec-

retary shall draw an order upon the National treasurer and shall forward it as above stated. The drawing of the check seems to me to operate as an acknowledgment by the defendant. It is the method prescribed by the laws and must be taken to be in pursuance of due authority. I conclude, therefore, that if the cause of action arose at the death of Mrs. Dietrich, the suit is brought within six years from the time when the statute began to run, namely, within six years from the time when there was a written acknowledgment by the defendant of its liability.

I conclude, therefore, that the motion for nonsuit should be denied.